Kristol Bradley Ginapp, Esq.
Nevada Bar No. 8468
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes, Suite 1000
Las Vegas, Nevada 89169
Telephone: 702-257-1483
Email: kbg@h2law.com
Email: jwf@h2law.com

*Attorneys for Defendants*
*Natural Life, Inc. d/b/a Heart and Weight Institute and*
*Konstantine Stoyanov*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                    Plaintiff,<br><br>v.<br><br>NATURAL LIFE, INC. d/b/a HEART AND WEIGHT INSTITUTE and KONSTANTINE STOYANOV,<br><br>                    Defendants. | Case No. 2:24-cv-01802-JCM-EJY<br><br>**RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiff National Labor Relations Board ("Plaintiff" or the "NLRB") and Defendants Natural Life, Inc. d/b/a Heart and Weight Institute ("Natural Life") and Konstantine Stoyanov ("Mr. Stoyanov") (Natural Life and Mr. Stoyanov together being the "Defendants") hereby submit their joint Rule 26(f) report and proposed discovery plan and scheduling order in compliance with LR 26-1(b).

1. <u>Nature of the Case</u>.  In this case, the NLRB seeks a judgment, pursuant to the Federal Priority Statute, 31 U.S.C. § 3713, declaring that Natural Life transferred certain assets to third parties before paying a debt owed to the United States, thereby making itself insolvent; and that Mr. Stoyanov caused Natural Life to transfer those assets.  The Complaint was filed on September 25, 2024.  (ECF No. 1.)  Defendants filed a motion to dismiss on November 4, 2024.  (ECF No. 8.)  The motion is pending.

2. <u>Rule 26(f) Conference</u>.  On **December 12, 2024**, the parties' counsel participated in a telephonic Rule 26(f) conference.  The participants were Aaron Samsel, Esq. and Pia

1

Winston, Esq. on behalf of the NLRB, and Jonathan W. Fountain, Esq. and Kristol Bradley Ginapp, Esq. on behalf of the Defendants.

    3.    <u>Rule 26(f) Report and Discovery Plan</u>.  During the Rule 26(f) conference, the parties' counsel discussed the following:

    a.    <u>Fed. R. Civ. P. 26(f)(2) – The nature and basis of the parties' claims and defenses and the possibilities for promptly settling or resolving the case.</u>  **The parties discussed the nature and basis of their respective claims and defenses.  This discussion included discussion of the anticipated time for a decision by the Court on Defendants' pending motion to dismiss and the possibility of stipulating to stay discovery.  In addition, Defendants' counsel conveyed a confidential settlement offer.  The NLRB's counsel agreed to consider the issue of staying discovery as well as the confidential settlement offer and agreed to provide a response to Defendants' counsel.**

    b.    <u>Fed. R. Civ. P. 26(f)(2) – The time for serving the disclosures required by Rule 26(a)(1)</u>.  **The parties agreed that Rule 26(a)(1)(A) initial disclosures shall be served on or before <u>January 16, 2025</u>.**

    c.    <u>Fed. R. Civ. P. 26(f)(2) – The existence of any issues concerning the preservation of discoverable information</u>.  **The parties are presently unaware of any issues concerning the preservation of discoverable information.  To the extent any such issues may arise, the parties' counsel agree to meet-and-confer in good faith in an attempt to resolve any such issues.**

    d.    <u>Fed. R. Civ. P. 26(f)(2) – A proposed discovery plan</u>.  **The parties agree to the following proposed discovery plan:**

    i.    <u>Discovery Cutoff</u>: **May 3, 2025**;[1]

    ii.    <u>Amending the Pleadings and Adding Parties</u>: **February 2, 2025;**

    iii.    <u>Initial Expert Disclosures</u>: **March 4, 2025;**

    iv.    <u>Rebuttal Expert Disclosures</u>: **April 3, 2025;**

---

[1] To the extent any date or deadline set forth herein falls on a Saturday, Sunday, or legal holiday, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the period shall continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

4899-2414-4134, v. 1

   v.   Dispositive Motions: **June 2, 2025;**

   vi.   Pretrial Order: **July 2, 2025;**[2]

   vii.   Pretrial Disclosures: **Pursuant to LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the joint pretrial order;**

   viii.   Alternative Dispute Resolution: **Pursuant to LR 26-1(b)(7), the parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation;**

   ix.   Alternative Forms of Case Disposition: **Pursuant to LR 26-1(b)(8), the parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, but respectfully decline these options at this time; and**

   x.   Electronic Evidence: **Pursuant to LR 26-1(b)(9), the parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties agree to consult the court's website and to contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and to obtain other requirements for the court's electronic jury evidence display system.**

  3.  Additional Issues Considered and Agreements Reached. During the Rule 26(f) conference, the parties' counsel considered the following additional issues and reached the following additional agreements:

   a.   Confidential Information: **The parties agree that discovery in this case will likely involve the exchange of confidential financial information. Accordingly, the parties agree to draft and submit a proposed protective order governing the use and**

---

[2] Pursuant to LR 26-1(b)(6), if one or more dispositive motions have been filed, the date for filing the Joint Pretrial Order shall be thirty (30) days after entry of the Court's order resolving the last pending dispositive motion.

4899-2414-4134, v. 1

1  disclosure of confidential information in this case.  The parties agree to submit their
2  proposed protective order on or before <u>January 9, 2025</u>;
3          b.       Email Service: **Pursuant to Rule 5(b)(2)(E) of the Federal Rules of**
4  **Civil Procedure to service via email of all documents not required to be filed in the case;**
5  **and**
6          c.       Time for Submission:  **The parties agree to submit this proposed**
7  **discovery plan and scheduling order to the court on or before <u>January 9, 2025</u>.**
8          IT IS SO AGREED AND STIPULATED:

9  HOWARD & HOWARD ATTORNEYS PLLC          NATIONAL LABOR RELATIONS BOARD

By: /s/ Jonathan W. Fountain                          By: /s/ Pia Winston
Kristol Bradley Ginapp, Esq.                          Pia Winston, Esq.
Nevada Bar No. 8468                                   Dalford Dean Owens, Jr., Esq.
Jonathan W. Fountain, Esq.                            1015 Half Street S.E., Fourth Floor
Nevada Bar No. 10351                                  Washington, D.C. 20003
3800 Howard Hughes, Suite 1000                        Telephone: 202-273-0111
Las Vegas, Nevada 89169                               Email: pia.winston@nlrb.gov
Telephone: 702-257-1483                               Email: dean.owens@nlrb.org
Email: kbg@h2law.com
Email: jwf@h2law.com

*Attorneys for Defendants*                            *Attorneys for Plaintiff*
*Natural Life, Inc. d/b/a Heart and Weight*           *National Labor Relations Board*
*Institute and Konstantine Stoyanov*

          IT IS SO ORDERED:

          _____
          UNITED STATES MAGISTRATE JUDGE

          DATED: December 23, 2024

4899-2414-4134, v. 1